UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANTONIO R. HERNANDEZ,

          Petitioner,

vs.                             Case No. 3:12-cv-377-J-39PDB

SECRETARY, DOC, et al.,

          Respondents.

_____

**ORDER**

**I. STATUS**

Petitioner is proceeding on a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1).[1]  It challenges a 2008 state court (Columbia County) conviction for possession of contraband in prison and possession of more than 20 grams of cannabis.  Id. at 1.  Two grounds are raised, and the Court will thoroughly address each claim.  Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013).  However, upon review of the record, no evidentiary proceedings are required in this Court.

_____

[1] With respect to the Petition, the Court will reference the page numbers assigned through the electronic docketing system.

This cause is before the Court on Respondents' Response to Petition for Habeas Corpus (Response) (Doc. 12).[2]   Petitioner filed a Counter-Response to Petition for Habeas Corpus (Reply) (Doc. 17). <u>See</u> Order (Doc. 5).

## II. STANDARD OF REVIEW

The Court's analysis of these claims will be rendered under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).   Therefore, relitigation of any claim adjudicated on the merits in state court is barred, subject only to three exceptions:  (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784-85 (2011).

Of significance, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and this presumption applies to the factual determinations of both trial and appellate courts.  <u>See</u> <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003).

---

[2] The Court hereinafter refers to the Exhibits contained in the Appendix to the Response as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.   Otherwise, the page number on the particular document will be referenced.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In one of his grounds, Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985). Ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension.  See id. at 56 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

## IV.   PROCEDURAL HISTORY

The record shows the following transpired.   Petitioner was charged by information with possession of contraband in prison and possession of more than 20 grams of cannabis.   Ex. B.   The state filed a Notice of State's Intention to Seek Sentencing as a Habitual Felony Offender Pursuant to Florida Statue 775.084.   Ex. C.   Petitioner accepted an Offer of Plea, pleading guilty to count one (contraband in prison), a second degree felony carrying a maximum sentence of thirty years for a habitual felony offender, and count two (marijuana possession), a third degree felony carrying a five-year maximum sentence.   Ex. D at 1.   As part of the terms of the plea, Petitioner agreed that he was a habitual felony offender on count one; he should be sentenced as a habitual felony offender; and, he should pay court costs and a public defender fee. Id.

In pertinent part, the plea states:

> My attorney, the State Attorney, and I have negotiated my plea.   In return for my plea, the State Attorney has agreed to:
>
> recommend CT 1: sentenced as HFO to 16 yrs DOC suspended to 16 yrs probation w/1st year on CC. - Prob will be drug offender for 1st 2 yrs.
>
> CT 2: 5 yrs DOC suspended to 5 yrs prob w/1st yr on CC concurrent to Count 1.

- 4 -

Id. at 2.   Petitioner further agreed that by pleading, he was giving up constitutional rights, including the right to appeal the matters relating to the judgment.  Id. at 1.

The Criminal Punishment Code Scoresheet contains Petitioner's extensive prior criminal history.   Ex D.   Judgment and Sentence were entered on July 24, 2006.   Id.   The court adjudicated Petitioner a habitual felony offender.   Id.   The court suspended his sentence on count one for sixteen years, and suspended his sentence on count two for five years.   Id.   The court also entered an Order of Probation.   Id.

On January 24, 2007, the correctional probation officer filed an Affidavit Violation of Probation.   Ex. F.   The court dismissed the violation of probation.   Id.   The probation order was modified in March 2007.   Id.   It was again modified in August 2007.   Ex. G. A probation officer signed an Amended Affidavit Violation of Probation on April 30, 2008.   Ex. H.   The court revoked probation on October 8, 2008.   Id.   The court entered Judgment and Sentence on October 8, 2008, committing Petitioner to a term of sixteen years in prison on count one, and a term of five years on count two, concurrent with the sentence in count one.   Id.

Through counsel, on April 22, 2009, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Rule 3.800(b), Fla. R. Crim. P., claiming a violation of double jeopardy for Petitioner to be convicted and sentenced for possession of contraband and

- 5 -

possession of more than 20 grams of cannabis.  Ex. I at 1-4.  The
state responded, conceding that based on case law, the two offenses
are not separate and distinct.  Id. at 11.  The circuit court, on
February 8, 2010, entered an order directing the parties to review
pertinent case law and prepare to argue their relative positions.
Id. at 19.  Petitioner filed an Amended Motion to Correct Illegal
Sentence.  Id. at 21-25.  The state responded.  Id. at 33-35.  The
circuit court conducted a proceeding allowing further argument on
the matter and providing the parties the opportunity to present any
other relevant case law.  Ex. J, Motion to Correct Illegal Sentence
hearing of July 7, 2010.  Thereafter, the circuit court denied the
motion:

> Citing Ruiz v. State, 488 So.2d 894 (Fla
> 1st DCA 1986) and Henry v. State, 492 So.2d
> 485 (Fla. 5th DCA 1986), the Defendant claims
> a double jeopardy violation and that he was
> illegally sentenced to the Florida Department
> of Corrections for the offenses of Contraband
> in Prison and Possession of more than Twenty
> Grams of Cannabis of the same substance.
> However, neither of those decisions is
> applicable to the case at bar, as the
> Defendant freely, knowingly and voluntarily
> pled guilty to the charges pursuant to a plea
> agreement with the State, specifically waiving
> his constitutional rights, including his right
> "to appeal the matters relating to the
> judgment." See Offer of Plea, paragraph 3.
>
> Constitutional double jeopardy
> protections can be waived in a plea agreement
> if a defendant bargains for the terms and is
> aware of the length and nature of the
> sentences. Colson v. Florida, 717 So.2d 554
> at 556 (Fla. 4th DCA 1998), citing Melvin v.
> State, 645 So.2d 448 (Fla. 1994) [sic];
> Novaton v. State, 634 So.2d 607 (Fla. 1994).

> The Defendant certainly received the bargain of the sentence at the time of the plea. With an extensive criminal history that included convictions for Robbery while Armed, Burglary while Armed, Grand Theft, Robbery, Burglary, Resisting with Violence, and Leaving the Scene with Injury, which qualified him as a Habitual Felony Offender under Florida Statute 775.084, the Defendant was initially placed on probation, rather than receiving the maximum sentence of 35 years in prison. See Criminal Punishment Code Scoresheet. The Defendant benefitted from this bargain for a period of more than two years during his term of probation. Additionally, as reflected in the Offer of Plea, the Defendant was aware of the length and nature of the sentence[.]

Ex. I at 50-51.

Petitioner appealed. Id. at 60. On December 8, 2010, the First District Court of Appeal affirmed per curiam. Ex. K. Petitioner moved for rehearing, and the First District Court of Appeal denied rehearing. Ex. L. The mandate issued on February 14, 2011. Ex. PD-2 at 3.

On September 21, 2010, Petitioner filed a pro se Rule 3.850 motion. Ex. M at 1-19. The circuit court, on July 29, 2011, denied the motion. Id. at 27-31. Petitioner appealed. Id. at 36; Ex. N. The First District Court of Appeal affirmed per curiam on January 11, 2012. Ex. O. After rehearing was denied, the mandate issued on March 20, 2012. Ex P; Ex. PD-2 at 5.

On April 2, 2012, Petitioner placed his Petition in the prison mailing system. Petition at 15. This matter is ripe for review.

- 7 -

## V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  One Year Limit

Respondents contend that Petitioner's habeas petition is untimely filed.  Response at 3-8.  The thrust of Respondents' argument is that the one-year limitations period should not be counted from Petitioner's new judgment and sentence entered on October 8, 2008; therefore, they assert, the federal Petition is time barred.  Response at 5-8.

In short, Respondents submit that Petitioner has not complied with the one-year period of limitations as set forth in AEDPA.  Under AEDPA, there is a one-year period of limitations.  The statute provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

After due consideration, the Court finds that Petitioner's conviction and sentence became final after revocation of the probation and the imposition of the new judgment and sentence. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.") (emphasis in original) (applying the United States Supreme Court's ruling in Burton v. Stewart, 549 U.S. 147 (2007)), cert. denied, 555 U.S. 1149 (2009). An explanation follows.

This Court explained,

> The one-year limitations period begins to run, inter alia, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitations period is statutorily tolled

- 9 -

> during the pendency of a properly-filed state
> application for post conviction relief.

Buzby v. Sec'y, Dep't of Corr., No. 5:06-cv-173-Oc-10GRJ, 2009 WL 2973546, at *4 (M.D. Fla. Sept. 11, 2009) (not reported in F.Supp.2d) (footnote omitted) (after revocation of probation, "it is the date of Petitioner's resentencing that starts the federal limitations clock").  In Buzby, this Court relied on Ferreira, 494 F.3d at 1288 (rejecting the state's position urging the court to find the petition untimely, and holding that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving becomes final"), in finding the federal petition to be timely filed.  See Raymond Edward Sides v. Secretary, DOC, et al., Case No. 3:06-cv-J-25TEM, Order (Doc. 43) (from date of revocation of community control sentence); Anthony Wade Huff v. Secretary of the Florida Department of Corrections, et al., Case No. 3:09-cv-399-J-34TEM, Order (Doc. 18) (from date of revocation of probation sentence).

Upon review, based on the date of Petitioner's new judgment and sentence, October 8, 2008, the instant Petition is timely.  See Rolle v. McDonough, No. 4:06-CV-293-SPM, 2008 WL 718285, at *4 (N.D. Fla. Mar. 13, 2008) (not reported in F.Supp.2d) and Moore v. McNeil, No. 4:09cv381-SPM/WCS, 2010 WL 4025867, at *5 (N.D. Fla. June 25, 2010) (not reported in F.Supp.2d) (where a petitioner is in custody pursuant to a judgment and sentence later imposed on

revocation of probation, the one year period commences from the sentence imposed on revocation of probation, and the operative date is the date on which the revocation of probation judgment became final), report and recommendation adopted by No. 4:09-CV-381-SPM/SCS, 2010 WL 4024000 (N.D. Fla. Oct. 13, 2010). See also Robinson v. McDonough, No. 4:07-cv-0001-MP-WCS, 2007 WL 4482592, at *2 (N.D. Fla. Dec. 19, 2007) (not reported in F.Supp.2d) (finding, pursuant to Ferreira, "when the sentence of community control in the same criminal case was revoked and a new sentence imposed, the one year began again").

Specifically, Petitioner's offense became final on November 7, 2008 (thirty days after October 8, 2008, the date of the new judgment and sentence). See Stites v. Sec'y for the Dep't of Corr., 278 F. App'x 933, 935 (11th Cir. 2008) (per curiam) (following the logic of Ferreira, the Eleventh Circuit found that the resentencing judgment was the most recent sentence that authorized petitioner's current detention, and ruled that it controlled the start of AEDPA's statute of limitations); Walker v. Sec'y, Dep't of Corr., No. 1:12cv282-RH-GRJ, 2014 WL 2095370, at *1 (N.D. Fla. May 20, 2014) (the judgment to which the AEDPA statute of limitations applies "is the most recent version"). The limitations period ran for 166 days, until Petitioner filed his Rule 3.800(b) motion, through counsel. The mandate issued on February 14, 2011. Meanwhile, on September 21, 2010, Petitioner filed a pro se Rule 3.850 motion. The mandate issued on March 20,

- 11 -

2012.  The limitations period ran for 13 days, and Petitioner filed his Petition in this Court on April 2, 2012.  The Petition is timely filed.

## B.  Concurrent Sentence Doctrine

Respondents also raise the applicability of the concurrent sentence doctrine.  Response at 9-11.  Respondents assert that this Court has no subject matter jurisdiction under this doctrine as there is no case or controversy because the judgment and sentence in count two has no collateral effect and Petitioner is no longer serving his sentence on count two.  Id. at 10-11.

Petitioner is serving concurrent felony offender sentences for possession of contraband in prison (count one, sixteen years as a habitual felony offender) and possession of more than 20 grams of cannabis (count two, five years).  "As a general rule, the concurrent sentence doctrine establishes that the existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been given, provided there are no adverse collateral consequences to a defendant as a result of the concurrent sentence." United States v. Hudacek, 24 F.3d 143, 145 n.1 (11th Cir. 1994) (citing United States v. Caldwell, 776 F.2d 989, 1006 n.21 (11th Cir. 1985)).  It is clear that the doctrine "is not a jurisdictional bar to review, but a tool of judicial convenience, exercised at the court's discretion." United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir. 1985) (per curiam), cert. denied, 476 U.S. 1160 (1986).

- 12 -

The criminal conviction for possession of more than 20 grams of cannabis (count two) and the five-year sentence for that offense, and any other collateral consequences related thereto, are wholly subsumed by those conferred by the possession of contraband in prison conviction (count one) and the concurrent sixteen-year sentence as a habitual felony offender.  See Ayers v. Doth, 58 F.Supp.2d 1028, 1033 (D. Minn. 1999).  Moreover, there is no special monetary assessment as to each count of the information involved in this case; therefore, there is no requirement that the conviction for possession of more than 20 grams of cannabis (count two) be reviewed to address possible collateral consequences due to such a special assessment.[3]  See Ray v. United States, 481 U.S. 736, 737 (1987) (per curiam); United States v. Witek, 61 F.3d 819, 825 n.8 (11th Cir. 1995), cert. denied, 516 U.S. 1060 (1996).  Upon review, the Court, in its discretion, will apply the concurrent sentence doctrine as a tool of judicial convenience, and decline to

---

[3] The Court notes that, with regard to the sentences on counts one and two, there were no fines assessed, although they were mentioned in the offer of plea.  Ex. D, Offer of Plea at 1.  The court did not order restitution.  Ex. D, Order of Probation at 3.  The court imposed general costs and fees.  Id. at 4.  The Order of Revocation of Probation and the Judgment state that all money is converted to a civil lien.  Ex. H.  Upon review, the court did not impose separate fines on each count in the Judgment and Sentence of October 8, 2008.  Id.  See Ray v. United States, 481 U.S. 736, 737 (1987) (per curiam) (finding the imposition of a special assessment on each count meant that the sentences were not concurrent); United States v. Young, 975 F.2d 1537, 1540 (11th Cir. 1992) (same), cert. denied, 507 U.S. 978 (1993).

address any challenge to the possession of more than 20 grams of cannabis (count two) conviction.[4]

In conclusion, this Court need not consider the validity of the conviction for possession of more than 20 grams of cannabis conviction (count two). It is clear that Petitioner's release date would not be affected by this additional conviction. There is nothing in the record which suggests that any other adverse collateral consequences, such as eligibility for parole, will be suffered as a result of the Court's decision to apply the concurrent sentence doctrine and decline to address a challenge to possession of more than 20 grams of cannabis (count two) conviction on the merits. See United States v. Bradley, 644 F.3d 1213, 1293 (11th Cir. 2011) (recognizing that only when the defendant would suffer actual adverse collateral consequences from an unreviewed conviction does the doctrine of concurrent sentence not apply), cert. denied, 132 S.Ct. 2375 (2012). Thus, applying the concurrent sentence doctrine, the Court will decline to review the matter.

---

[4] The Court does not base its decision on the lack of subject matter jurisdiction over the judgment and sentence for possession of more than 20 grams of cannabis (count two). The record shows that Petitioner, when he filed his Petition on April 2, 2012, was serving his sentence on count two, and he was "in custody" on count two when he filed the Petition. Ex. A, Affidavit of Sentence Expiration. Indeed, the Affidavit of Sentence Expiration shows that the maximum sentence expiration date did not occur until May 4, 2013. Id. Respondents rely on Sweet v. McNeil, 345 F. App'x 480, 482 (11th Cir. 2009) (per curiam), but in that case, the federal habeas petition was filed "long after the end of the shorter sentence." See Response at 11.

**C.  Ground One**

In the alternative, the Court will address ground one.  Ground one of the Petition is: "double jeopardy."  Petition at 5.  In support of this ground, Petitioner claims that his convictions for contraband in prison and possession of more than 20 grams of cannabis amount to a double jeopardy violation because possession of cannabis is a lesser included offense of the crime of possession of contraband in prison.  Id.

Although the Double Jeopardy Clause of the United States Constitution protects against three different abuses (a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense), only the multiple punishments for the same offense double jeopardy claim is at issue in this case.  Legislative intent is paramount.  If unclear, the Court employs the same elements test established in Blockburger v. United States, 284 U.S. 299 (1932).  The offenses are considered different offenses if each requires proof of an additional fact which the other does not.

Initially, Respondents rely on waiver.  Response at 11-12.  They contend Petitioner waived the double jeopardy issue raised in ground one by accepting the benefit of the plea bargain, the same conclusion made by the circuit court in its order denying Petitioner's Amended Motion to Correct Illegal Sentence.  Ex. I.

The First District Court of Appeal affirmed the circuit court's decision per curiam.  Ex. K.

The state courts' rejection of this ground is entitled to deference as required pursuant to AEDPA.  The adjudication of the state courts resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground one because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Indeed, "a defense based on the Double Jeopardy Clause is waived by guilty plea." Erickson v. Sec'y for Dep't of Corr., 243 F. App'x 524, 529 (11th Cir.) (per curiam) (citing Dermota v. United States, 895 F.2d 1324 (11th Cir. 1990)), cert. denied, 552 U.S. 1066 (2007).  In Petitioner's case, the circuit court, after extensive briefing and argument by the parties, held that Petitioner was aware of the length and nature of his sentence; benefitted from his plea bargain; and he freely, knowingly and voluntarily pled guilty to the charges pursuant to a plea agreement with the state, including specifically waiving his constitutional rights (including his right to appeal matters relating to the judgment).  Ex. I at 50-51.

- 16 -

Petitioner cannot obtain post conviction relief on a habeas claim waived in state court:

> Indeed, the United States Supreme Court in U.S. v. Broce, 488 U.S. 563, 570–71, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), held that a double jeopardy challenge is foreclosed by petitioner entering a guilty plea to two separate conspiracy indictments, recognizing that "just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." See also Dermota v. U.S., 895 F.2d 1324 (11th Cir. 1990) (finding "defendant waived his right to raise a double jeopardy objection by pleading guilty to two separate offenses as a result of a plea agreement he entered into freely, voluntarily and accompanied by his attorney.")

Flores v. Sec'y, Dep't of Corr., No. 2:07-cv-783-FtM-36DNF, 2010 WL 4694450, at *5 (M.D. Fla. Nov. 12, 2010).  In this instance, Petitioner waived his right to appeal matters relating to the judgment, and he is not entitled to habeas relief.

To distinguish his case, Petitioner argues that possession of cannabis is a lesser included offense of contraband in prison. Petition at 5.  To the extent Petitioner argues that the second count is one that the government could not constitutionally prosecute, the Court will, in the alternative, further address the matter.  See United States v. Smith, 532 F.3d 1125, 1127 (11th Cir.) (a defendant does not waive a double jeopardy argument by pleading guilty if the state could not lawfully convict and

sentence him for both offenses), cert. denied, 555 U.S. 1007 (2008).

Respondents contend that Petitioner's claim has no merit. Response at 12-18.  They note that the charge of possession of contraband in prison requires the place of violation to be a prison, and that the charge of possession of more than 20 grams of cannabis requires possession of marijuana over 20 grams. Respondents urge this Court to find that, "[u]nder Blockburger, [these] are separate offenses because 'each provision requires proof of an additional fact which the other does not.'"  United States v. Smith, 532 F.3d at 1129 (quoting Blockburger, 284 U.S. at 304).

For guidance in resolving this claim, the Court looks to the analysis provided by a federal district court addressing a similar double jeopardy claim to determine whether "Florida intends that separate sentences be imposed for the two violations."  Bryant v. McNeil, No. 4:08cv349-MP/WCS, 2010 WL 5499423, at *5 (N.D. Fla. Nov. 23, 2010), report and recommendation adopted by 2011 WL 30306 (N.D. Fla. Jan. 3, 2011).  In Petitioner's case, the information charged: "on or about December 11, 2005, . . . while an inmate of a state correctional institution or while in or upon the grounds of a state correctional institution, [Petitioner] did then and there unlawfully have in his actual or constructive possession certain contraband," cannabis.  Ex. B.  In a second count, the information charged Petitioner with having, on December 11, 2005, "actual or

constructive possession [of] a controlled substance, to-wit:  more than twenty (20) grams of cannabis[.]"  _Id_.  The first count requires as an element that the defendant be an inmate of a state correctional institution or he must commit the offense while in or upon the grounds of a state correctional institution.  That is clearly not an element included in the second count.  The second count requires that the defendant have more than 20 grams of cannabis, which is not a requirement of the first count.  Moreover, the second count does not require proof that the possession occur on the grounds of a state correctional institution or that the perpetrator be an inmate of a state correctional institution.

Upon review, the offenses at issue constitute different offenses.  _See_ _London v. State_, 347 So.2d 639, 640 (Fla. 4th DCA 1977) (per curiam) (finding a defendant's prior conviction under section 893.13 does not bar a conviction under section 944.47 based upon the same facts).  Ex. H, Judgment (Offense Statutes §§ 944.47 and 893.13).  _But_ _see_ _Ruiz v. State_, 488 So.2d 895, 896 (Fla. 1st DCA 1986) (concluding that all elements of the simple possession offense under section 893.13 are contained within the elements of the possession of contraband offense within a prison under section 944.47(1)(c)).

Under these particular circumstances, without Florida Supreme Court or federal cases dealing with this precise issue,[5] the Court

---

[5] Upon review, the Florida Supreme Court "recognized that there was considerable confusion in the law of this state

is not convinced that there is a double jeopardy violation. Therefore, Petitioner is not entitled to habeas corpus relief on ground one.[6]

## D.  Ground Two

In his second ground, Petitioner claims he received the ineffective assistance of counsel.  Petition at 7.  Respondents contend that because the underlying double jeopardy claim is meritless, trial counsel was not deficient for allowing Petitioner to enter his plea.

---

concerning the proper method of construing criminal statutes in light of the prohibition against double jeopardy." Valdes v. State, 3 So.3d 1067, 1071 (Fla. 2009).  In 2006, Justice Cantero, in a special concurrence, reasoned that to disallow separate punishments, the statute itself must provide for an offense with multiple degrees.  State v. Paul, 934 So.2d 1167, 1176-79 (Fla. June 22, 2006) (Cantero, J. specially concurring).  The Court notes that Plaintiff's Offer of Plea and Judgment and Sentence are dated July 24, 2006, after the Florida Supreme Court's decision in Paul. Later on, in Valdes, the Florida Supreme Court clarified its approach to determining what constitutes a double jeopardy violation.  Rejecting other approaches and methods, the Florida Supreme Court reasoned that the state legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the statute itself provides for an offense with multiple degrees.  Valdes, 3 So.3d at 1076.  Thus, there would need to be convictions for different degrees of the same offense, explicitly set forth in a relevant statutory provision, for there to be a violation of the prohibition against double jeopardy.

[6] Assuming arguendo there is a double jeopardy violation, the appropriate remedy would be to set aside the conviction and sentence for the lesser offense: the possession of more than 20 grams of cannabis count.  Williams v. Sec'y Dep't of Corr., 78 F.3d 1510, 1517 (11th Cir.), cert. denied, 519 U.S. 887 (1996) (holding the appropriate remedy for a double jeopardy violation is to set aside the conviction and sentence for the lesser offense).

The standard to be employed to review a claim of ineffective assistance of counsel is set forth in Strickland v. Washington. First, the Court asks whether counsel's performance was deficient. As noted by Respondents, Petitioner's counsel assisted Petitioner in obtaining a highly beneficial plea bargain. Response at 18-19. The record includes Petitioner's abysmal criminal history. Ex. D, Criminal Punishment Code Scoresheet. Additionally, the state filed a notice of intent to seek a habitual felony offender sentence, which Petitioner's record clearly justified. Ex. C. On count one, his most serious offense, Petitioner was able to receive a negotiated plea of sixteen years in the Florida Department of Corrections as a habitual felony offender, suspended to sixteen years of probation, a very beneficial plea agreement under the circumstances presented. As previously noted, the sentence for count two, a suspended, concurrent five-year sentence, had absolutely no collateral effect on Petitioner's release date or any other adverse collateral consequences. Counsel's performance was not deficient for allowing Petitioner to reap the benefit of an outstanding bargain, where the concurrent five-year sentence on count two had absolutely no effect on the length of Petitioner's sentence.

In order to satisfy the prejudice prong of the two-part Strickland test in a plea case, Petitioner must show that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on proceeding

to trial.  Assuming deficient performance, Petitioner has not shown prejudice.  The judgment for marijuana possession did not affect Petitioner's habitual felon status, nor did it affect the sentence for possession of contraband in prison.[7]

Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, Petitioner would not have pleaded guilty and would have insisted on going to trial.  With regard to the charge of possession of contraband in prison, Petitioner was facing a thirty-year habitual offender sentence.  Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was facing very substantial time in prison on count one alone.  Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.[8] Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

------

[7] The record shows that Petitioner, while an inmate confined at Columbia Correctional Institution, was found in possession of marijuana, strapped to his leg with an ace bandage.  Ex. B, Affidavit.

[8] At most, the relief would have been for the state to drop or nol pros count two, having no effect on the length of sentence on count one, the more serious second degree, habitual felony offender, offense.  See Response at 10 referencing Williams, 78 F.3d at 1517 (holding the appropriate remedy for a double jeopardy violation is to set aside the conviction and sentence for the lesser offense).

Petitioner is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel.[9] Thus, ground two is due to be denied.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[10] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[9] Deference, under AEDPA, should be given to the state courts' decisions.  In this instance, however, the state court did not reach the merits of the ineffective assistance of counsel claim. Under the particular circumstances at bar, with the Court finding the Petition to be timely filed, the Court addresses ground two, the ineffective assistance of counsel claim.

[10] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/13
c:
Antonio R. Hernandez
Ass't A.G. (McCoy)